Hearing Date: **September 19, 2017 at 10:00 AM**
Re: ECF No.: 23

**RAVERT PLLC**
Gary O. Ravert
116 West 23 Street, Fifth Floor
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419

*Attorneys for Columbia Capital Co.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> FRANKLYN EMPSON FOYLE, <br><br> *Debtor*. | Chapter 13 <br><br> Case No. 17−43551 (CEC) |

**OBJECTION OF COLUMBIA CAPITAL CO. TO DEBTOR'S CHAPTER 13 PLAN**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

    Columbia Capital Co. ("Columbia Capital"), by and through its counsel, hereby objects (the "Objection") to confirmation of the chapter 13 plan (the "Plan") of the above-captioned debtor (the "Debtor") and respectfully states as follows:

**OBJECTION**

  1. Columbia Capital objects to confirmation for several reasons. First, the chapter 13 trustee has moved to dismiss the case and, therefore, is evidently not supporting confirmation for the reasons stated in motion to dismiss. Those reasons include failure to make payments under the plan and failure to appear and be examined at the 341 meeting. Thus, confirmation of the as-filed Plan cannot proceed at this point. Columbia Capital should not be required to object to interim and non-compliant plans.

Columbia Capital intends to file an appropriate response to any plan that appears ready for confirmation.

2.    Second, the payments in the Plan are completely out of synch with the Debtor's disposable income. The plan shows payments of $356,000 over five years but the Debtor's disposable income shows a total of alternatively $27,000 over five years or $15,000 over five years. Either way, it does not match the asserted plan payments and, in fact, as per the chapter 13 trustee motion to dismiss, the purported plan payments have not been made. Thus, the Plan must be amended to one that reflects net disposable income. When Columbia Capital sees such a plan, it will review and respond.

3.    Third, the Debtor filed his Plan on August 23, 2017. Rule 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Rules") requires 28 days notice for confirmation of a plan. The Debtor did not provide the requisite notice and therefore confirmation should not proceed, even if this plan was confirmable.

4.    Fourth, section 1324(b) of the Bankruptcy Code requires that a confirmation be held between 20 days after and 45 days after the 341 meeting. The 341 meeting in this case is currently scheduled for September 20, 2017 because the Debtor failed to appear for the August 16, 2017 first scheduled 341 meeting. Thus, even if the Debtor filed and timely served a confirmable plan, confirmation cannot proceed until the 341 meeting takes place.

5.    Fifth, Columbia Capital holds a recorded assignment of rents and leases. The rents, leases and profits from the Property are Columbia's cash collateral and Columbia has not consented to its use, nor has the Debtor obtained court authority to use such rents for any purpose. 11 U.S.C. § 363(c)(2). This unauthorized use of cash collateral provides an independent basis for denying confirmation of any plan. *See*

*generally* 11 U.S.C. § 1325(a)(1); *see also In re Preferred Property Group, LLC*, 2015 WL 1543193, at *8 (Bankr. C. D. Ill. 2015) (citing *In re Cothran*, 45 B.R. 836, 838 (S.D. Ga. 1984) (in chapter 11 context, denying confirmation for misuse of cash collateral)).

6. Sixth and finally, even if the foregoing were not true, the Debtor's Plan does not otherwise comply with the Bankruptcy Code with respect to Columbia Capital's claim secured by the Debtor's property located at 5212 – 5214 Church Avenue, Brooklyn, NY 11203 [Block 4700, Lot 6] (the "Property"). As of the date hereof, little is known of the Debtor's operations at the Property because the 341 meeting has not taken place. The facts here support a finding that this chapter 13 was filed in bad faith. 11 U.S.C. § 1325(a)(3) and (7). Next, the Debtor seeks confirmation but has not even been examined at his 341 meeting. 11 U.S.C. § 1325(a)(1). The Debtor has failed to make any payments to Columbia Capital since the Petition Date. 11 U.S.C. § 1326(a)(1). The Debtor owns and operates a business on the Property but has apparently not filed any reports concerning such income, profit and/or loss. 11 U.S.C. § 1304, 704(a)(8), Fed. R. Bankr. P. 2015. The Plan and Schedules do not list, correctly or otherwise, the amount outstanding to Columbia Capital. 11 U.S.C. § 1325(a)(4). The plan does not satisfy the minimal secured creditor treatment. 11 U.S.C. § 1325(a)(5). If the plan did correctly list the amount due to Columbia Capital, it would be even less feasible than it is based on the stated income. 11 U.S.C. § 1325(a)(6).

## RESERVATION OF RIGHTS

7. Columbia Capital files this objection out of an abundance of caution even though the Plan is not supported by the chapter 13 trustee, the Debtor was not examined at his 341 meeting, the Plan payments are unsupportable and notice time was insufficient. Columbia Capital reserves all of its rights with respect to this Plan or any other new or

- 4 -

amended plan that may be filed in this case. Columbia Capital further reserves its rights for all purposes in this case including to seek or object to any form of relief that it deems appropriate. Further, Columbia

8. For all of the foregoing reasons, the Court should not proceed with confirmation of the Plan and, if it does, it should deny confirmation.

                                          RAVERT PLLC

Dated: September 17, 2017
       New York, New York               /s/ Gary O. Ravert
                                          By: /s/ Gary O. Ravert
                                          116 West 23 Street, Fifth Floor
                                          New York, New York 10011
                                          Tel: (646) 961-4770
                                          Fax: (917) 677-5419
                                          gravert@ravertpllc.com

                                          *Attorneys for Columbia Capital Co.*