Hearing Date and Time: February 8, 2018 at 2:30 pm
Re: ECF Nos. 36, 41, 43

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 5212 Church Avenue LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>FRANKLYN EMPSON FOYLE,<br><br>*Debtor.* | Chapter 13<br><br>Case No. 17−43551 (CEC) |

**REPLY OF 5212 CHURCH AVENUE LLC TO DEBTOR'S OBJECTION
TO MOTION PURSUANT TO SECTIONS 362(d)(1), (d)(2) AND (d)(4) OF
THE BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

    5212 Church Avenue LLC ("5212 LLC"), by and through its counsel, hereby replies to the objection of the above-captioned debtor (the "Debtor") to 5212 LLC's motion (the "Motion"), pursuant to sections 362(d)(1), (2) and (4) of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for relief from the automatic stay to continue to pursue its state law rights against the Debtor with respect to that certain commercial investment property located 5212 Church Avenue, Brooklyn, NY 11203 [Block 4700, Lot 5] (the "Property"); and respectfully states as follows:

## REPLY

1.    At the preliminary hearing on the Motion, the Court gave the Debtor until February 1, 2018 to file an objection. Instead, the Debtor filed her objection the morning of February 6th knowing that this reply to the Motion was due the next day, February 7th and that the hearing was scheduled for the next day, February 8th. The Objection is an attorney affirmation. To the extent that the Court considers the Objection, it should reject the contentions therein because, even if true, they do not provide grounds for denying stay relief in this case. Most important for the purposes of the lift-stay hearing is that there is an enormous amount of debt far exceeding the Property value, no meaningful income, and no hope for a reorganization. All there is here is just the mere hope that somehow the Debtor can reorganize without any basis in the facts. That is not sufficient to deny stay relief.

2.    The Objection makes certain statements that, on their face, would seem to get the Court's attention but none of them actually support denying the Motion. For example, it is undeniably true that this is "only" the second bankruptcy case affecting the Property. Whether it is two or ten, it is "multiple" and that is all section 362(d)(4)(b) requires. Whether this filing is part of a scheme to delay or hinder creditors is for this Court to decide. 5212 LLC submits that a filing that lacks any reorganizational purpose, as here, is part of a scheme solely to delay or hinder creditors justifying *in rem* relief.

3.    Next, the Debtor claims that the proof of claim overstates the amount owed. To avoid the need to get into detail about the claim prior to the stay relief hearing, for the purposes of stay relief only, this Court may consider the claim amount to be just the face amount of the

Judgment plus statutory interest, or just $800,000, a core amount that is indisputable.[1] The Judgment was the result of a state court stipulation and such Judgment was entered in the face amount of $750,000. The plain wording of the Judgment makes that clear. (Judg., p. 4.) That Judgment was entered last May, 2017. Thus, even if the Court only looks at the face amount of the Judgment, $750,000 and calculates only judgment rate interest since it was entered May 2017 (i.e. 9% of $750,000 or $184.93/day), the interest since entry of Judgment would still be over $50,000 (275 days x $184.93/day). Thus, the amount due to 5212 LLC would still be in excess of $800,000. Even at this amount, the following are true: (i) 5212 lacks adequate protection, (ii) the Debtor has no equity and (iii) no reorganization is possible here. That is because, even before 5212 LLC's claim can be paid comes enormous secured tax liens and water arrears. The current open taxes on 5212 Church are currently over $9,000 and will be almost $14,000 by April 1, 2018. At true and correct copy of the current 5212 Church Avenue tax bill is attached hereto as Exhibit A. The tax lien holder reports that the amount due on 5212 Church Avenue tax liens was approximately $100,000 as of the petition date last summer and is undoubtedly substantially higher today with interest accrual. The water and sewer arrears on 5212 Church Avenue are now $143,000, three thousand dollars higher than when the stay relief Motion was filed. Without basis, the Debtor's attorney affirmation claims that the water and sewer charges covers both 5212 and 5214 Church Avenue. This is simply not true based on the bills and, if it is true, it is inexcusable. That said, the actual invoice attached to the Motion shows just 5212 Church Avenue property address. At true and correct copy of the current (now higher) 5212 Church water and sewer bill is attached hereto as Exhibit B. 5214 Church Avenue itself has its own enormous $31,800 in water and sewer arrears. At true and correct copy of the entirely

---

[1] 5212 LLC reserves all of its rights in connection with its claim for all other purposes. Under no circumstances does 5212 LLC seek, nor would it accept an double recovery on its claim. 5212 LLC submits that the claim does not need to be allowed in the full amount as filed for stay relief to be granted in this case.

separate 5214 Church water and sewer bill is attached hereto as Exhibit C. Accordingly, even before getting to the second mortgage holder, the total claims against the Property are no less than $1,030,000 even giving the Debtor the benefit of the doubt on the amount of 5212 LLC's claim.

4. The secured claims against the Property do not stop there. After the 5212 LLC's first lien Judgment follows the recorded second mortgage held by Columbia Capital Co., which is more than $1.2 million. The Judgment specifically states that Columbia Capital is to be paid from the sale proceeds, i.e., before equity is paid. Payment of Columbia Capital would leave a deficiency of hundreds of thousands of dollars, not a surplus for the Debtor. Even using a 5212 LLC claim amount of $800,000, the 5212 Church Property would have to be worth more than $2,252,000 for the Debtor to have the first dollar of equity in the Property (i.e., $800,000 + $9,000 + $100,000 + $143,000 + $1.2 million). That number goes up daily as long as the automatic stay is in effect. The Debtor scheduled the Property value at $1,100,000. The Debtor claims that 5212 LLC did not meet its burden of proof on the Debtor's equity in the Property but the only evidence in the record are three sworn statements, including one made by the Debtor, and the sworn proofs of claim of the secured lenders, all of which support a property value of approximately $1,100,000, far less than the secured claims against the Debtor. Not a single claim has been made, or could credibly be made, that the Debtor could have equity in the Property. The reality is that the value is not even close to the secured debt on the Property. Accordingly, there is no reasonable construction of facts that could leave the Debtor with equity in the Property. The Debtor simply cannot credibly argue here that 5212 LLC is adequately protected by any equity cushion substantial or otherwise. Under section 362(g), it is the Debtor's

burden of proof on all matters besides equity, including adequate protection and the Debtor cannot meet that burden here.

5. Next, the Debtor claims that the rental income for the Property is $5,400. Even if true, those funds constitute 5212 LLC's cash collateral, which are being used without consent or court order. The interest accrual on the Judgment is $5,625 per month at a minimum just using the face amount of the Judgment and the statutory rate. Thus, even if every penny of rental income went to pay down the interest on the Judgment, there would still be the $750,000 Judgment amount due, plus the $50,000 in interest since entry (again solely for the purposes of this Motion), plus $9,000 in current taxes, $140,000 of water-sewer arrears, $90,000 in tax liens, plus the second mortgage, plus insurance, plus common heat, hot water, electric and maintenance. In short, the Debtor's suggestion that a reorganization is possible based on that income is nonsensical. The Debtor further hopes to refinance the Property to satisfy the claims. That hope too is not based in economic or market reality because the debts, even viewed through the Debtor's eyes, are twice the amount of the Property value.

6. Next, 5212 LLC did have a representative visit to inspect the Property. As the City of New York found on January 18, 2018, when it inspected, by all appearances there was an illegal residential unit in the basement. In fact, as the Debtor acknowledges in the Objection, the City issued a violation for that. Thus, while there was nothing that movant could tell that clearly amounted to a strip club or bar, its concerns were not limited to just that. The concern was ***anything*** that would invalidate the insurance on the building and that would include an illegal apartment. As far as the water bill is concerned, if there was a leak that the Debtor did not repair, it is not the City's problem and, in fact, the City denied the request for a reduction of the amount due leaving the arrears a valid secured claim.

**CONCLUSION**

For all of the reasons stated herein and in the Motion, 5212 LLC respectfully requests that this Court grant this Motion and issue an *in rem* Order (i) lifting the automatic stay to permit 5212 LLC to (A) continue and complete the Foreclosure Action, and (B) exercise any and all remedies under the Judgment; and (ii) granting 5212 LLC such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 7, 2018  
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert  
    Gary O. Ravert  
116 West 23rd Street, Fifth Floor  
New York, New York 10011  
Tel: (646) 966-4770  
Fax: (917) 677-5419

*Attorneys for 5212 Church Avenue LLC*