Hearing Date: June 27, 2018
Hearing Time: 2:30 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re

      FRANKLYN EMPSON FOYLE,              Chapter 11

            Debtor.              Case No. 17-43551 (CEC)

---------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNITED STATES TRUSTEE TO DISMISS THIS
CHAPTER 11 CASE OR, IN THE ALTERNATIVE, TO
<u>CONVERT CASE TO CHAPTER 7</u>

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
201 Varick Street, Suite 1006
New York, New York
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

Marylou Martin, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of this motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of Franklyn Empson Foyle (the "Debtor") or, in the alternative, converting the chapter 11 case to chapter 7. In support of the Motion, the United States Trustee represents and alleges as follows:

## I.  INTRODUCTION

This case should be dismissed under 11 U.S.C. § 1112(b), as the Debtor has no ability to reorganize and does not take his obligations as a chapter 11 debtor seriously. Since this case was converted to chapter 11 on February 9, 2018, the Debtor has failed to comply with his obligations under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Debtor has failed to file monthly operating reports for February, March and April 2018 and has failed to pay United States Trustee quarterly fees. In addition, on April 18, 2018, the Court granted Columbia Capital Co. ("Columbia") an order lifting the automatic stay with regard to the Debtor's investment property located at 5212 Church Avenue, Brooklyn, NY (the "Church Ave Property"), which is binding in any subsequent bankruptcy case absent changed circumstances. Upon information and belief, the Debtor filed this bankruptcy case in an effort to retain the Church Ave Property and reinstate the Columbia mortgage, which is no longer a realistic prospect in light of the order granting stay relief. The Debtor's failure to file monthly operating reports and to pay quarterly fees as well as the inability to reorganize constitute cause to convert or dismiss this case under Sections 1112(b)(4) (A), (F) and (K).

Based upon the Debtor's Schedules and the claims filed in this case, it appears that this case should be dismissed rather than converted. The Debtor's Schedules list minimal unsecured debt, making conversion of the case unavailing under the circumstances.

Accordingly, the Court should dismiss this case.

## II. STATEMENT OF FACTS

1.      On July10, 2017, the Debtor commenced this case by filing a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code.  ECF No. 1; See Declaration of Marylou Martin in Support of the United States Trustee's Motion, dated May 29, 2018 (the "Martin Decl."), ¶2.

2.      By Order dated February 9, 2018, this case was converted from chapter 13 to chapter 11.  See ECF Doc. No. 30, Martin Decl., ¶ 3.

3.      The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of his assets as a debtor-in-possession.  Martin Decl., ¶4.

4.      The United States Trustee was unable to form a committee of unsecured creditors. Martin Decl., ¶5.

**Assets and Liabilities**

5.      According to the Debtor's Schedules, the Debtor owns two real properties, namely, the Columbia Ave Property valued at $1.1 million and his primary residence located at 674 East 81st Street, Brooklyn, NY valued at $568,000 (collectively, the "Properties").  ECF No. 69, Schedule A/B; Martin Decl., ¶6.

6.      The Debtor lists no personal property of any kind.  Id., Schedule A/B, Martin Decl., ¶7.

7.      According to Schedule D, the Columbia Avenue Property is secured by a mortgages held by Columbia totaling $2,363,065 and 674 East 81st Street, Brooklyn, NY is secured by a mortgage in the amount of $516,341 held by Penny Mac. Id., Schedule D, Martin Decl., ¶8.

8.      According to Schedules E and F, the Debtor owes no priority claims and nonpriority unsecured claims totaling $18,905. Schedules E and F, Martin Decl., ¶9.

9.      The Debtor has not yet requested that the Court set a last day to file proofs of claim.  Martin Decl., ¶10.

**Deficiencies in Debtor's Case**

10.      The Debtor failed to file any monthly operating reports in this case.  The operating reports due for February, March and April 2018 are delinquent.  Martin Decl., ¶11.

11.      The Debtor is delinquent in the payment of quarterly fees and currently owes estimated fees of $325.  Martin Decl., ¶12.

**Relief from the Automatic Stay**

12.      By motion filed on February 28, 2018, Columbia requested relief from the automatic stay with regard to the Columbia Ave Property in order to complete its foreclosure and sale.  ECF Doc. No. 64; Martin Decl., ¶ 13.

13.      By order dated April 18, 2018, the Court granted Columbia stay relief in connection with the Columbia Ave Property, which is binding in any subsequent bankruptcy case absent changed circumstances.  ECF Doc. No. 71; Martin Decl., ¶ 14.

### III.  ARGUMENT

**A.      There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

(E)     failure to comply with an order of the court; [and]

(F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

11 U.S.C. § 1112(b)(4).

The list of factors is non exclusive.  In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).  See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case).  A party need not demonstrate that all the elements of "cause" can be met.  See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case.  1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b).

1.     **Cause Exists Because There are Continuing Losses to the Estate and No Likelihood of Rehabilitation.**

a) **Continuing Losses to the Estate.**

"To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements."  In re AdBrite Corp., 290 B.R. 209, 215 (Bankr.S.D.N.Y. 2003).  There need not be significant diminution to satisfy the first

prong of section 1112(b)(4)(A). See  In re East Coast Airways, Ltd., 146 B.R. 325,

336 (Bankr.E.D.N.Y. 1992); In re Kanterman, 88 B.R.  26, 29 (S.D.N.Y. 1988).  An

estate's liability for administrative expenses constitutes a diminution in assets.  In re

Lyons Transportation Lines, Inc., 123 B.R. 526, 531 (Bankr.W.D.Pa. 1991).  Further,

a debtor's negative post-petition cash flow and inability to pay current expenses

establishes that a debtor has continuing losses.  AdBrite, 290 B.R. at 215.

[R]ehabilitation means to put back in good condition and reestablish on a sound

basis."  AdBrite, 290 B.R. at 216, see also In re Rundlett, 136 B.R. 376, 380

(Bankr.S.D.N.Y. 1992) ("[r]ehabilitation signifies that the debtor will be reestablished

on a sound financial basis, which implies establishing a cash flow from which current

obligations can be met").

The Debtor has failed to file any monthly operating reports in this case.

Columbia's lift stay motion, however, was granted, in part based upon the Debtor's

failure to make post-petition mortgage payments. In addition, the Debtor has failed to

pay United States Trustee quarterly fees that have become due in this case. The

Debtor, therefore, has demonstrated an inability to meet current expenses which has

resulted in continuing losses to the estate.  In addition, as this case remains in Chapter

11, administrative costs continue to accrue, with little or no potential benefit to

creditors, which contributes to the continuing losses to the estate to the detriment of

creditors.  See In re Lyons Transportation Lines, Inc., 123 B.R. 526, 531

(Bankr.W.D.Pa. 1991) (an estate's liability for administrative expenses constitutes a

diminution in assets).

- 6 -

### b)  <u>No Likelihood of Rehabilitation</u>.

As a threshold matter, any plan of reorganization must be feasible. 11 U.S.C. §1129(a)(11).  The feasibility requirements of Section 1129(a)(11) ensure that confirmation proceeds only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor . . . unless such liquidation or reorganization is proposed in the plan."  <u>Id.</u>  In the Second Circuit, the standard for feasibility is "whether the plan offers a reasonable assurance of success. Success need not be guaranteed."  <u>Kane v. Johns-Manville</u> (<u>In re Johns-Manville Corporation</u>), 843 F.2d 636, 649 (2d Cir. 1988).  Bankruptcy courts consider factors including "the earning power of the business, its capital structure, the economic conditions of the business, the continuation of present management, and the efficiency of management in control of the business after confirmation" when assessing whether a plan is feasible.  <u>In re D&G Invs. of West Fla., Inc.</u>, 342 B.R. 882, 886 (Bankr. M.D. Fla. 2006).  In determining if a plan is feasible, the "inquiry is peculiarly fact intensive and requires a case by case analysis, using as a backdrop the relatively low parameters articulated in the statute."  <u>In re Eddington Thread Mfg. Co.</u>, 181 B.R. 826, 833 (Bankr. E.D. Pa. 1995).  "In most situations, the time immediately following bankruptcy will call for fairly specific proof of the company's ability to meet its obligations . . .".  <u>Dish Network Corp. v. DBSD N. Am. Inc.</u> (<u>In re DBSD N. Am. Inc.</u>), 634 F.3d 79, 107 (2d Cir. 2011).

In this case, the Debtor's failure to make post-petition mortgage payments on the Columbia Ave Property and his other operating deficiencies resulted in Columbia

obtaining stay relief.  It is apparent that the Debtor does not generate sufficient income

to fund a plan of reorganization.  In addition, the Debtor has been unable to pay ongoing

expenses relating to the administration of this case. Accordingly, the Debtor has

demonstrated that he is unable to propose a feasible plan and there is no likelihood of

rehabilitation.  11 U.S.C. § 1112(b)(4)(A).

**2.      The Debtor Has Failed to File Monthly Operating Reports.**

Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating

reports for each and every month that the Debtor is in chapter 11.  See E.D.N.Y. LBR 2015-1.

The reports must be filed no later than the twentieth day of the following month.  Id.  The

Debtor's failure to file monthly operating reports demonstrates a disregard for his

responsibilities as a debtor-in-possession.  See In re Marvel Entertainment, Inc., 140 F.3d 463,

474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward

disclosure to the Court and creditors).  The Debtor's failure to fulfill his fiduciary obligations

denies creditors access to important financial information regarding the Debtor's financial

affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process."

In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports

constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma

Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181

B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted

conversion or dismissal).

As of this date, the Debtor has failed to file the monthly operating reports for February,

March and April 2018.  Martin Decl., ¶11.  The Debtor's failure to file timely monthly operating

reports has deprived the Court, the United States Trustee and the creditors of the ability to

adequately monitor this case.  The Debtor's unexcused failure to file these operating reports

timely constitutes cause for the dismissal or conversion of the Debtor's case.  See 11 U.S.C. §

1112(b)(4)(F).

**6.    The Debtor Has Failed to Pay United States Trustee Quarterly Fees.**

The Debtor has failed to pay United States Trustee quarterly fees due pursuant to 28

U.S.C. §1930 and 31 U.S.C. § 3717.  The Debtor currently owes estimated United States Trustee

quarterly fees in the amount of $ 325.  Martin Decl., ¶12. The failure to pay these fees constitutes

cause for conversion of this case to Chapter 7 or the dismissal of the case.   See 11 U.S.C. §

1112(b)(4)(K)(failure to pay any fees or charges required under chapter 123 of title 28), see also

In re Tornheim, 181 B.R. 181B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (failure to pay quarterly fees,

without more, provides cause to dismiss or convert case).

**B.    There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under Section 1112(b)(2), after the movant shows cause, the burden shifts to the

debtor and other parties in interest to show that there are "unusual circumstances establishing

that conversion or dismissal is not in the best interests of creditors and the estate."  11 U.S.C.

§ 1112(b)(2).  See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M.

D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there

are unusual circumstances under Section 1112(b)(2)).

Section 1112(b)(2) provides that:

> (2) The court may not convert a case under this chapter to a case under
> chapter 7 or dismiss a case under this chapter if the court finds and
> specifically identifies unusual circumstances establishing that
> converting or dismissing the case is not in the best interests of creditors
> and the estate, and the debtor or any other party in interest establishes
> that --

> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> > (I) for which there exists a reasonable justification for the act or omission; and
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate.  There appears to be no likelihood of plan confirmation within a reasonable time and no reasonable justification for the Debtor's breach of his duties as a debtor-in-possession.

**C.        Dismissal is in the Best Interests of Creditors and the Estate.**

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate."  11 U.S.C. § 1112(b).  See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case).  Based upon the Debtor's Schedules and the claims filed in this case, it appears that this case should be dismissed rather than converted.  The Properties lack equity and the Debtor lists minimal general unsecured debt.  Based upon these circumstances, there appears to be little benefit to conversion of this case to chapter 7.  Accordingly, the Court should dismiss this case.

## IV. NOTICE

The United States Trustee will serve the Notice of Motion and this Memorandum of

Law upon the Debtor, Debtor's counsel, parties who have filed Notices of Appearance and all

creditors.  The United States Trustee respectfully requests that this be deemed good and

sufficient notice of the motion and the hearing scheduled herein, and that no other further

notice is necessary or required.

## V.  CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an

order granting this motion and dismissing this chapter 11 case, or in the alternative, converting

the case to chapter 7, and granting such other and further relief as is just and proper.


Dated: New York, New York
　　　　May 29, 2018


　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2

　　　　　　　　　　　　　　　　 By: */s/ Marylou Martin*

　　　　　　　　　　　　　　　　201 Varick Street, Suite 1006
　　　　　　　　　　　　　　　　New York, New York 10014
　　　　　　　　　　　　　　　　Tel. No. (212) 510-0500